```
                                                               FILED
                                                           IN CLERK'S OFFICE
                                                        U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                              ★   JUN 25 2009
------------------------------------------------------------x
                                                               P.M.
ANDREW VOLPE,                                              TIME A.M.

                                                          MEMORANDUM
                        Plaintiff,                        AND ORDER
        -against-                                         09-CV-1808 (ENV)

Hands Across Long Island; NYS Parole and
P.O. JOHNSON,

                        Defendants.
------------------------------------------------------------x
```

VITALIANO, United States District Judge:

On April 27, 2009, plaintiff Andrew Volpe, currently incarcerated at Downstate Correctional Facility, filed the instant *pro se* action pursuant to 42 U.S.C. § 1983. He seeks $23,000 plus court fees for lost property. Compl. at ¶ V. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the reasons that follow, plaintiff's claims against defendants Hands Across Long Island and NYS Parole are dismissed with prejudice. Plaintiff's claims against defendant P.O. Johnson are dismissed with leave to replead.

## Discussion

A.  Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).

Furthermore, under 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from officers or employees of a governmental agency and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

B.  Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, § 1983 requires state action; that is, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). This requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993).

To the extent the Court can discern his writing, plaintiff appears to allege that he lost his personal property due to negligence. Compl. at ¶ IV. Plaintiff does not allege facts to show how any of the defendants he identifies caused him to lose his personal property. In any event, plaintiff cannot sue defendant Hands Across Long Island -- "a not-for-profit, multi-service agency managed

2

by and for consumers, survivors and ex-patients of mental health services" see http://www.hali88.org (last visited June 23, 2009) -- under § 1983 because it is not a state actor and is not alleged to have acted pursuant to state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983; see generally Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 156-60 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 172-75 (1972). As this defendant is a private agency, any claim under 42 U.S.C. § 1983 is not cognizable and must, therefore, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Moreover, plaintiff cannot sue the New York State Division of Parole for damages because state agencies are immune from suit for damages pursuant to the Eleventh Amendment. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (agencies and departments of the state are entitled to assert the Eleventh Amendment immunity); Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *4 (E.D.N.Y. Apr. 17, 2009) ("The NYSDOP is a New York State entity established by New York Executive Law § 259(1), and thus, is entitled to Eleventh Amendment immunity") (citing cases); Jude v. New York State, No. 07-CV-5890, 2009 WL 928134, at *3 (S.D.N.Y. Mar. 30, 2009) (same). Therefore, the complaint against the NYS Parole or the New York State Division of Parole is dismissed pursuant to 28 U.S.C. § 1915A(b).

C. Leave to Replead

Although plaintiff names P.O. Johnson as a defendant in the caption, the complaint is devoid of any facts linking that defendant to any constitutional deprivation. The Court therefore dismisses plaintiff's claims against P.O. Johnson, but grants leave to file an Amended Complaint, which must include a legible statement of any claims plaintiff asserts against that defendant. See Fed. R. Civ. P. 8. If plaintiff elects to file an Amended Complaint, it shall be captioned "AMENDED

COMPLAINT" and bear the docket number 09-CV-1808 (ENV), and shall be filed within 30 days from the entry of this Memorandum and Order.

D.   Section 1915(g)

Plaintiff is warned that pursuant to the Prison Litigation Reform Act,

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (known as the three-strikes provision). While incarcerated, plaintiff has filed at least two *in forma pauperis* actions which have been dismissed as frivolous or malicious or for failure to state a claim. See Volpe v. Soben House, No. 07-CV-3996 (E.D.N.Y. Oct. 3, 2007); Volpe v. City of New York, No. 06-CV-6182 (E.D.N.Y. Nov. 29, 2006).

## Conclusion

Accordingly, plaintiff's claims against defendants Hands Across Long Island and NYS Parole are dismissed with prejudice pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b). Plaintiff's claims against defendant P.O. Johnson are dismissed with leave to file an amended complaint within 30 days of this Memorandum and Order. If plaintiff fails to comply with this Memorandum and Order, or show good cause why he cannot do so, judgment dismissing this action in its entirety shall be entered and the case shall be closed. Plaintiff is also warned that pursuant to 42 U.S.C. § 1915(g) that any future action seeking *in forma pauperis* status may be dismissed unless plaintiff can show he is in imminent danger of serious physical injury at the time the complaint is filed.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would

not be taken in good faith and, therefore, *in forma pauperis* is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

    SO ORDERED.

                                              ERIC N. VITALIANO
                                              United States District Judge

Dated: Brooklyn, New York
       June 24, 2009